**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ESTRADA-ALVAREZ; et al., | No. 11-70556 |
| Petitioners, | Agency Nos. A079-521-370 |
| | A079-521-371 |
| v. | A079-521-372 |
| | A079-521-373 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Raul Estrada-Alvarez and family, natives and citizens of Mexico, petition for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785,

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

791 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen based on ineffective assistance of counsel in connection with their application for cancellation of removal, where petitioners failed to establish that the actions of their former representatives may have affected their ability to demonstrate exceptional and extremely unusual hardship to their qualifying relatives. *See id.* at 793-94 (a petitioner must establish prejudice to prevail on an ineffective assistance claim). Therefore, we need not address petitioners' contention that they were entitled to equitable tolling of the filing limitations applicable to their motion.

To the extent petitioners moved to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), the BIA did not abuse its discretion in denying their motion on the grounds that it was untimely and numerically-barred, that petitioners failed to establish a material change in circumstances in Mexico in order to qualify for a regulatory exception to the filing limitations, and that petitioners failed to establish prima facie eligibility for CAT relief. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

11-70556

**PETITION FOR REVIEW DENIED.**

Judge Berzon:

I would instruct, prior to issuing a decision on the merits, that the parties confer with the Ninth Circuit Mediation Office regarding whether they wish to engage in mediation with respect to petitioners Elizabeth and Jesenia Estrada.

11-70556